IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SNYDER and JADE SANTORO,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, EARL SANDERS, ALEX FAGAN, SR., GREG CORRALES, JOHN SYME, DAVID ROBINSON and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>_____/ | No. C 03-04927 JSW<br><br>**NOTICE OF TENTATIVE AND QUESTIONS RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 16, 2005 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively** GRANTS Defendants' motion for summary judgment.

The parties shall have 25 minutes to address the following questions:

1. How do Plaintiffs distinguish the facts and holding in *Van Ort v. Stanewich*, 92 F.3d 831, 835-37 (9th Cir. 1996)? Is the fact that the alleged affirmative act at issue in that case was inadequate hiring, training or supervision as opposed to the alleged affirmative act in this case (failure to discipline) significant in the causation analysis?

2. What specific, admissible evidence is there in the record before this Court indicating that the County had a custom or practice of failing to discipline its officers for misconduct? The Court is cognizant that post-incident conduct is uniformly considered probative evidence of policy or custom. *See, e.g, Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991); *Henry v. City of Shasta*, 132 F.3d 512, 518-19 (9th Cir. 1997). However, the Court also notes that Plaintiffs' injury must result from a "permanent and well-settled" practice. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

3. Ultimately, Plaintiffs bear the burden of demonstrating the necessary causal link between the County's policy and the Plaintiffs' injuries. *See Van Ort*, 92 F.3d at 836 (holding that the policy must by the proximate cause of the injury). An unforeseen and abnormal intervention will break the chain of causation and shield the County from liability. However, causation is a fact-intensive inquiry. How can the Court decide as a matter of law that Plaintiffs cannot demonstrate that the alleged policy of enabling officers to act violently with impunity was not the proximate cause of Plaintiffs' injuries here?

4. On what basis do Plaintiffs contend that the opinions submitted by Bouza and Martinelli constitute expert testimony? How do Plaintiffs respond to Defendants' contentions that the opinions are premised upon inadmissible evidence and fail to create a genuine issue of material fact?

5. The basis of Plaintiffs' contention that former Assistant Chief of Police Alex Fagan, Sr. is individually liable is based upon their statement that he "affirmatively acted to protect his son from discipline." (Opp. at 21.) What specific evidence in the record supports Plaintiffs' statement (beside Officer Stansberry's Deposition, Newdorf Declaration, Ex. J at 298-300 and Scott Declaration, Ex. E at 200-203)?

6. On what basis in the record do Plaintiffs contend that Defendants are liable under California Civil Code Section 52.1, which requires that the employee act within the scope of employment and interfere by threats, intimidation, or coercion or attempts to interfere by threats, intimidation, or coercion?

7. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 15, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2